**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0602-20

STATE OF NEW JERSEY, ex. rel.
ALLSTATE INSURANCE
COMPANY, and MEDICAL
INVESTIGATION GROUP, INC.,

     Plaintiffs-Respondents,

v.

HARSHAD PATEL, AP SURGERY
CENTER, L.L.C., and AP
DIAGNOSTIC IMAGING, INC.,

     Defendants-Appellants.

_____

          Submitted November 8, 2021 – Decided November 22, 2021

          Before Judges Rothstadt and Mayer.

          On appeal from the Superior Court of New Jersey,
          Law Division, Mercer County, Docket No. L-0954-16.

          Ehrlich, Petriello, Gudin, Plaza & Reed, attorneys for
          appellants (John Petriello, on the brief).

          Kennedy Vuernick, LLC, attorneys for respondents
          (Richard E. Vuernick, of counsel; John Kennedy, of
          counsel and on the brief).

PER CURIAM

Defendants Harshad Patel, AP Surgery Center, LLC, and AP Diagnostic Imaging, Inc. appeal from an October 21, 2020 order denying their motion to quash a subpoena duces tecum and ad testificandum directed to a non-party, Devika Patel.[1] We affirm.

The factual background preceding the issuance of the post-judgment subpoena by plaintiffs Allstate Insurance Company and Medical Investigation Group, Inc. is set forth in our prior decision, affirming entry of a judgment based on an enforceable settlement among the parties. See State ex rel. Allstate Ins. Co. v. Patel, No. A-1437-18 (App. Div. Dec. 5, 2019), certif. denied, 241 N.J. 201 (2020). Defendants paid the judgment except for the sum of $27,195.76,[2] representing an award of attorney's fees to plaintiffs.

In an effort to collect the balance of the judgment, plaintiffs served a subpoena on Devika Patel. Plaintiffs believe defendant Harshad Patel secreted funds by transferring assets to his wife to avoid paying the judgment. Plaintiffs

_____

[1] Devika Patel is the wife of defendant Harshad Patel.

[2] Plaintiffs contends defendants still owe $27,980.70 under the judgments. The record lacks information explaining this discrepancy.

2

formed this belief based on Devika Patel's certification opposing plaintiffs' motion to turnover funds levied upon a joint bank account. In her certification, Devika Patel averred "[t]he funds which were levied upon came from the sale of property. The property was in my name, and not in the name of Harshad. These monies belong to me, and not to Harshad." Plaintiffs' subpoena sought information about the source of the funds which Devika Patel claimed belonged solely to her, as well as testimony and documents pertaining to any properties she bought and sold.

Defendants moved to quash the subpoena. In a decision placed on the record on October 20, 2020, the judge denied defendants' motion. The judge found Devika Patel's certification "lack[ed] any factual support." He also referred to other cases, one pending in federal district court and one in state court in Union County, in which Devika Patel invoked her Fifth Amendment right against self-incrimination and declined to give sworn testimony regarding various assets. In reviewing the history of the other legal actions, the judge noted a significant relationship between Harshad Patel and Devika Patel with respect to the financial assets. Based on that information, the judge concluded, "[t]he subpoena's requests are reasonable, seek relevant documents and . . . fall within the ambit of the broad parameters of permissible discovery under New

3

Jersey [l]aw." He determined the "[d]iscovery in this matter is relevant" because "it is clear there's a significant relationship" between Harshad Patel, Devika Patel, and the transfer of assets and "that relationship needs to be explored."

On appeal, defendants assert the motion judge erred in denying the motion to quash the subpoena.[3] We disagree.

A trial court "may quash or modify [a] subpoena or notice if compliance would be unreasonable or oppressive . . . ." R. 1:9-2. We review a trial judge's decision on a motion to quash a subpoena for abuse of discretion. In re Subpoena Duce Tecum, 214 N.J. 147, 162 (2013).

Having reviewed the record, we discern no abuse of discretion in the judge's denial of defendants' motion to quash the subpoena. The judge found the requested information to be relevant. Additionally, there was a valid judgment against defendants as affirmed by this court on appeal. Under Rule 4:59-1(f), "in aid of a judgment or execution, the judgment creditor . . . may examine any person, including the judgment debtor, by proceeding as provided by these rules for the taking of depositions . . . ." The judge also noted there are several lawsuits seeking information from Devika Patel related to assets her

---

[3] On appeal, defendants cited only to the court rule governing subpoenas and provided no case law in support of their argument.

husband, Harshad Patel, transferred to her to avoid paying judgments entered against him. On this record, there is no indication the subpoena is oppressive or unreasonable, and the judge's denial of the motion to quash the subpoena was not an abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION